





Phone: (212) 885-5148

Fax: (917) 332-3838

Email: LLambert@BlankRome.com

January 15, 2008

**BY HAND**
The Honorable Richard M. Berman
United States District Judge
Southern District of New York
United States Courthouse
40 Centre Street, Room 201
New York, NY 10007-1581

MEMO ENDORSED
p. 3

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: 1-16-08

Re: Med-Asia Shipping Ltd. v. Cosco Beijing International Freight Co., Ltd.
07 CV 9624 (RMB)
Our Ref.: 128684-00601

Dear Judge Berman:

We represent Defendant Cosco Beijing International Freight Co. Ltd. ("Defendant"), appearing specially pursuant to Supplemental Rule E(8) for Admiralty or Maritime Claims and Asset Forfeiture Claims of the Federal Rules of Civil Procedure.

Pursuant to your Individual Practices, we request a pre-motion conference for permission to make a motion for an order directing Plaintiff to provide countersecurity in the amount of $100,000 pursuant to Supplemental Rule E(7).

This is a by now familiar "Rule B" maritime attachment action. The parties have agreed to have the merits of the dispute decided in Hong Kong. Plaintiff alleges it carried cargo shipped by Defendant on the deck of its vessel. Plaintiff contends that the clauses under which Defendant carried the cargo provided not only a defense to Plaintiff in the case of damage to the cargo, but provided Plaintiff an affirmative right of recovery from Defendant for damage to the vessel when the cargo allegedly shifted and caused damage to the vessel. Plaintiff contends the costs of repair and other damages to the vessel were in the principal amount of $231,990.99. Plaintiff further contends that it is entitled to interest in the amount of $57,931.95. In Hong Kong, the prevailing party is entitled to costs, including attorney's fees. Plaintiff contends it is entitled to $100,000 for attorney's fees and other recoverable litigation costs/ expenses. Complaint, ¶11.





The Court issued the Order of Attachment on October 30, 2007. To date, Plaintiff has attached $64,828.29 in New York which is being held as security for Plaintiff's claims in Hong Kong.

We enclose a courtesy copy of Defendant's Answer and Counterclaim, which was filed yesterday.

Supplemental Rule E(7) provides (emphasis added):

> (a) When a person who has given security for damages in the original action asserts a counterclaim that arises from the transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit the security has been given must give security for damages demanded in the counterclaim unless the court, for cause shown, directs otherwise. Proceedings on the original claim must be stayed until this security is given, unless the court directs otherwise.

Having obtained security from Defendant, Plaintiff must now provide countersecurity to Defendant. The Court has "broad discretion" and is to balance the purpose of Rule E(7), "to place the parties on an equality as regards security," on the one hand, and not to "impose burdensome costs on a plaintiff that might prevent it from bringing suit," on the other. *Result Shipping Co. Ltd. v. Feruzzi Trading USA, Inc.*, 56 F.3d 394, 399-400 (2d Cir. 1995). In *Ullises Shipping Corp. v. Fall Shipping Co. Ltd.*, 415 F. Supp. 2d 318, 329 (S.D.N.Y. 2006), Judge Scheindlin granted countersecurity in circumstances presently similar to those here, finding that the defendant's attorneys' fees in an action subject to English law "are inextricably intertwined with the original transaction that is the subject of the London Litigation" More recently, Judge Chin, in *Fednav International Ltd. v. Sunwoo Merchant Marine Co. Ltd.*, 2007 U.S. Dist. LEXIS 79685 (S.D.N.Y. October 18, 2007), ordered the plaintiff to provide countersecurity to the defendant for the full amount of fees claimed by the plaintiff ($300,000) on its 1.6 million dollar claim even though defendant's counterclaim was only $92,289.35. Judge Chin reasoned that to recover on the relatively small counterclaim, the defendant would still have to defeat the plaintiff's claim and was entitled to countersecurity for its estimated recoverable costs in the event it successfully defended the claim.

It is correct that in *Ferruzzi*, above, the Second Circuit affirmed the district court's ruling denying the defendant's motion for "security for costs" pursuant to another rule, Supplemental Rule E( 2)(b). However, the opinion is clear that the defendant there asked only for attorney's






fees in connection with the United States attachment action, not the London arbitration. *Id.* at 401-02. Moreover, in affirming the district court's refusal, the Second Circuit specifically noted that under the "American Rule," attorney's fees are not recoverable "absent statutory or contractual provisions to the contrary." *Id.* at 401. Here, there is no dispute that attorney's fees and other associated costs are recoverable by the prevailing party under Hong Kong law and procedure, the law applicable to the parties' contract.

We have communicated about these issues with counsel for Plaintiff and referred each other to the above cases. Neither of us believe the dispute can be resolved without formal motion practice. We are both agreeable to proceed by normal motion schedule. If the Court wishes to dispense with a pre-motion conference, we are prepared to file the motion promptly.

Otherwise, we look forward to discussing these issues with the Court and opposing counsel at a pre-motion conference at the Court's earliest convenience.

Very truly yours,

[signature]

LeRoy Lambert

LRL:cn
Enc: Answer/Counterclaim

cc: By Image
w/o enclosure
Kevin J. Lennon
Attorney for Plaintiff

PLAINTIFF TO RESPOND WITH A BRIEF (2-3 PP) LETTER BY 1/18/08.

SO ORDERED:
Date: 1/16/08

Richard M. Berman
Richard M. Berman, U.S.D.J.