# MEMO ENDORSED
P.3

## LENNON, MURPHY & LENNON, LLC – *Attorneys at Law*

| | | |
|---|---|---|
| The GrayBar Building | Patrick F. Lennon – *pfl@lenmur.com* | Tide Mill Landing |
| 420 Lexington Ave., Suite 300 | Charles E. Murphy – *cem@lenmur.com* | 2425 Post Road |
| New York, NY 10170 | Kevin J. Lennon – *kjl@lenmur.com* | Southport, CT 06890 |
| *phone* (212) 490-6050 | Nancy R. Peterson – *nrp@lenmur.com* | *phone* (203) 256-8600 |
| *fax* (212) 490-6070 | Coleen A. McEvoy – *cam@lenmur.com* | *fax* (203) 256-8615 |

January 18, 2008


JAN 18 2008
CHAMBERS OF
RICHARD M. BERMAN
U.S.D.J.

**BY HAND**
Hon. Richard M. Berman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 201
New York, NY 10007-1581

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1-18-08

  Re:   Med-Asia Shipping Ltd. v. Cosco Beijing International Freight Co. Ltd.
        Case No.:   07 Civ. 9624 (RMB)
        Our ref.:   07-1268

Dear Judge Berman:

    Our firm represents Plaintiff Med-Asia Shipping Ltd. ("Med-Asia" or "Plaintiff") in the above-referenced action. We refer to the letter dated January 15, 2008 submitted by counsel for the Defendant, Cosco Beijing International Freight Co. Ltd. ("Cosco" or "Defendant") seeking a pre-motion conference with your Honor in this matter pursuant to which your Honor directed Med-Asia to submit a 2 – 3 page letter reply by today.

    The purpose of the pre-motion conference as expressed by Cosco's letter is for a motion seeking to compel Med-Asia to provide counter security under Supplemental Rule E(7) in the sum of $100,000. Yet, because Cosco does not have a counterclaim as defined by the rule which requires the existence of a counterclaim *"arising from the transaction or occurrence that is the subject of the original action,"* it is not entitled to countersecurity under Rule E(7).

    A party simply cannot obtain countersecurity for the costs of defending against affirmative claims. See Aifos Trade S.A. v. Midgulf Int'l Ltd., 06 Civ. 203 (SHS) (S.D.N.Y. May 2, 2006) in which Judge Stein denied defendant's request for countersecurity for arbitrators costs and legal fees incurred in defending plaintiff's claim finding the same to be "a purpose that is beyond the scope of Rule E(7)(a) … which provides that countersecurity is to cover only the 'damages demanded in the counterclaim'." Here, Cosco does not, and cannot, assert "damages" on its counterclaim and only "costs" which does not comport with Rule E(7).

    Cosco's citation to Ulises Shipping Corp. v. Fal Shipping Co. Ltd., 415 F. Supp. 2d 318, 329 (S.D.N.Y. 2006), *overruled as stated in* Tideline Inc. v. Easttrade Commodities, Inc., 2006 U.S. Dist. LEXIS 95870, 2007 A.M.C. 252 (S.D.N.Y. 2006) does not provide it any support.

- 1 -

Judge Schiendlin's decision, without citation to any caselaw, briefly states that the claimed expenses and costs are "inextricably intertwined with the original transaction" and thus that counter-security for the same was permitted under Rule E(7). However, with all due respect for Judge Schiendlin, this simply does not comport with the plain language of the rule.

Cosco's reliance on Fednav International Ltd. v. Sunwoo Merchant Marine Co. Ltd., 2007 U.S. Dist. LEXIS 79685 (S.D.N.Y. October 18, 2007) is also without support for its contemplated motion in this case. Rather, Judge Chin's Order directing Fednav to provide counter security for defendant Sunwoo's costs was supported by the presence of an actual counterclaim in the sum of $92,289.35. Thus, the Fednav case is inapposite. Additionally, the slim reed upon which Judge Chin premised his decision - defendant's argument that to prevail on its counterclaim it would have to defeat plaintiff's substantive claim, and therefore necessarily incur the costs and fees for which countersecurity was permitted – is not claimed by Cosco.

Cosco's argument, if followed to its logical conclusion, would result in an extreme chilling effect on maritime claimants from obtaining security for their claims under Rule B. No matter the weakness of a defense to a claim a defendant could obtain security for all its *costs* in defending against a plaintiff's legitimate *claim*. That the rules expressly permit security for *counterclaims* underscores the desire to place parties on equal footing. That the rules do not expressly, or impliedly, permit security for costs alone similarly underscores that such gamesmanship and leverage tactics, as are being employed here by Cosco, should not be countenanced.

Notwithstanding Cosco contrary assertion, the guidance provided to this Court by the Second Circuit's decision in Result Shipping Co. Ltd. v. Feruzzi Trading USA, Inc., 46 F.3d 394 (2d Cir. 1995) mandates that the Court deny the request for a pre-motion conference since the contemplated motion is ill considered and not permitted under Rule E(7). While Cosco correctly notes that Result Shipping addressed a claim for security for costs under Rule E(2)(b), this does not mean that the Second Circuit's decision has no place in the context of Cosco's application here as there is ample discussion of Rule E(7) in that decision all of which strongly disfavors Cosco's contemplated motion.

Finally, it should be noted that whereas Med-Asia's Rule B attachment allows for it attach up to $389,922.94 of Cosco's property in the district as security for its claims that it currently has only successfully secured $64,828.29 of its claims. Plaintiff's principal claim is $289,922.94 and thus it has not obtained *any* security for its estimated costs and fees incurred in seeking substantive relief against Cosco. Thus, since no security has been given, or obtained, for Med-Asia's costs and fees, it would be inequitable to provide Cosco with security for its costs and fees and therefore actually place Cosco in a superior position to Med-Asia in this respect.

2

We thank your Honor for his time and attention to the foregoing. We will make ourselves available for a conference to discuss Cosco's application at any time convenient to the Court.

Respectfully submitted,

Kevin J. Lennon

KJL/bhs

cc:   *Via Facsimile (917) 332-3838*
      *and Email: LLambert@BlankRome.com*
      Blank Rome LLP
      The Chrysler Building
      405 Lexington Avenue
      New York, NY 10174-0208
      Attn: LeRoy Lambert, Esq.

---

CONFERENCE ON 1/29/08 AT 3:00 P.M.

SO ORDERED:
Date: 1/29/08

Richard M. Berman, U.S.D.J.

---

3