# EXHIBIT 1

Judge Berman

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 CIV 9624

------------------------------------------------------------X
MED-ASIA SHIPPING LTD.,

                    Plaintiff,                    07 Civ. _____

- against -

COSCO BEIJING INTERNATIONAL FREIGHT
CO., LTD.,

                    Defendant.
------------------------------------------------------------X

### VERIFIED COMPLAINT

Plaintiff, MED-ASIA SHIPPING LTD. ("Plaintiff") by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, COSCO BEIJING INTERNATIONAL FREIGHT CO., LTD. ("Defendant"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333. This claim involves the breach of maritime contract of charter. This matter also arises under the Court's federal question jurisdiction within the meaning of 28 United States § 1331 and the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards (9 U.S.C. § 201 *et seq.*) and/or the Federal Arbitration Act (9 U.S.C. § 1 *et seq.*).

2. At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and operating under foreign law with a principal place of business at Hong Kong, Special Administrative Region, People's Republic of China.

3. Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity organized and existing under foreign law with a principal place of business at Beijing, People's Republic of China.

4. At all material times Plaintiff was the disponent Owner of the ocean going motor vessel "PALINI"(hereinafter the "Vessel").

5. Pursuant to a charter party dated June 5, 2007, as evidenced by a fixture note, Plaintiff chartered the Vessel to Defendant for a trip from Xingang, Peoples Republic of China to Costantza, Romania for the purpose of carriage of heavy equipment, on the vessel's deck, for a new coal grinding plant at the Rezina Plant in Moldova. Copies of the fixture note and bill of lading are respectively annexed hereto as Exhibits 1 and 2.

6. The fixture note and bill of lading expressly note that deck carriage of the cargo is at the risk and responsibility of the charterer/shipper/receiver for any loss, expenses or damage.

7. On or about July 19, 2007 the Defendant's cargo was loaded aboard the Vessel at Xingang and lashed to the Vessel's deck as was permitted by the fixture recap and bill of lading. By having its cargo so loaded aboard the Vessel the Defendant accepted all risk and responsibility for any loss, expenses or damage that might ensue.

8. During the course of the voyage the Vessel encountered heavy weather and the Defendant's cargo shifted requiring that it be re-lashed, or secured, when the Vessel called at Singapore to take on fuel oil bunkers on or about August 5, 2007.

9. As a result of the re-lashing of the Defendant's cargo at Singapore the Plaintiff incurred the following damages and expenses[1], all of which are the responsibility of the Defendant:

---

[1] Please see annexed hereto Plaintiff's invoice to Defendant.

- Re-lashing costs including fees: $73,020.59;
- Vessel delay costs: $148,970.40;
   i. Hire due to headowners: $141,110.40[2];
   ii. Fuel oil bunkers consumed: $7,860[3]; and
- Surveyors, Port Captain and Crew Bonuses: $10,000.

10. Plaintiff is preparing to commence proceedings against Defendant in Hong Kong.

11. As best as can now be estimated, Plaintiff expects to recover the following amounts in the Hong Kong proceeding:

|   |   |   |
|---|---|---|
| A. | Principal claim: | $231,990.99; |
| B. | Interest on claims:<br>3 years at 7.5%, compounded quarterly | $57,931.95; |
| C. | Attorneys' fees: | $75,000.00 |
| D. | Litigation costs/expenses: | $25,000.00 |

**Total**                                                                $389,922.94.

12. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendant.

13. The Plaintiff seeks an order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C.

---

[2] $32,000 per day x 4.4097 days = $141,110.40 owned to non-party Palini Maritime Ltd.
[3] 13.1 metric tons of marine gas oil @ $600 per metric ton = $7,860.

§§ 1 and 8, attaching, *inter alia*, any assets of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant, to compel arbitration (if necessary) and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A.   That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B.   That the Court retain jurisdiction to compel the Defendant to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*

C.   That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendant, in the amount of **$389,922.94** calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

D.   That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court;

E.   That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

F.    That this Court award Plaintiff its attorneys' fees and costs of this action; and

G.    That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: October 30, 2007
       Southport, CT

                The Plaintiff,
                MED-ASIA SHIPPING LTD.

By: _____
Kevin J. Lennon
Nancy R. Peterson
LENNON, MURPHY & LENNON, LLC
The Gray Bar Building
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050 – phone
(212) 490-6070 – fax
kjl@lenmur.com
nrp@lenmur.com

5

## ATTORNEY'S VERIFICATION

State of Connecticut )
                     ) ss.: Southport
County of Fairfield  )

1. My name is Kevin J. Lennon.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am a partner in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   October 30, 2007
         Southport, CT

                                        /s/ Kevin J. Lennon
                                        Kevin J. Lennon

6

# EXHIBIT 1

June 5th

## Fixture Note

Between

Merchant: Cosco Beijing Internationl Freight Co., Ltd

And

Carrier: Med-Asia Shipping Ltd

Vessel: mv Palini

Malta flag - blt 1980
64,590 mts dwat on 12,963 mtrs drft
7 ho/ha
loa/beam 224 / 32.2 mtrs
gless
all dts abt

- Freight: USD 295,000 lumpsum bss filo lsd owners accl
- Load / discharge: Xingang/ constantz carriers' berths bends basis 1/1
- cargo total abt 2213.61cbm/641.471 tons machinery with heaviest 92 tons piece, as per p/l allow +/- 5%.
- full deck option at shippers/charters/receivers risk +accl,bs/l to be marked accordingly
- cargo stackable
- Laycan july 1st-07th, 2007
- Freight Payment: 100% freight, to be payable into carriers' nominated bank
  account within 5 banking days after completion of loading, bs/l marked "freight prepaid" to be released upon receipt of carriers' bank's confirmation of freight irrevocably transferred into carriers' nominated bank account
  Freight shall be deemed earned upon completion of loading and non-returnable, vessel and/or cargo lost or not lost.
- Carriers' agents bends
- Remarks, if any, to be inserted into carriers' bs/l
- Detention: Vessel USD 27,000 pdpr in case cargo a/o documents not ready upon performing vessel arrival bends;
- If merchant cancel or fail to ship min cargo or any portion of the booked cargo w/o written confirmation of carrier, merchant shall pay dead-freight to carrier.
- Detention a/o dead-freight, if any, to be settled together with the freight against fax copy of supporting docs always before cargo release at port of discharge.
- Cargo to be suitably marked with cog, prepared and packed in sea-worthy condition for ocean transportation. Shipping saddles, suitable lifting lugs or other lifting equipment, if requested, to be delivered by the merchant together with the cargo.
- All taxes and dues levied on the cargo a/o freight to be for merchants' account whilst same on vessel to be for carriers's account.
- Carriers' to give 10 / 7 / 5 / 3 / 2 / 1 day notice of vessel arrival at load and discharge ports.
- All other terms and conditions as per shipowners' bill of lading

Signed for the Carrier                    Signed for the Merchant

**EXHIBIT 2**

CODE NAME: "CONGENBILL" EDITION 1994              Page 2

**Shipper**
CBMI Construction Co.,Ltd.
No.7 Xingfu Road, Fengrun District,
Tangshan City, Hebei Province, P.R.China

**BILL OF LADING**
TO BE USED WITH CHARTER-PARTIES

B/L No. 1-15 / 16/ 17/ 21

Reference No.

**Consignee**
CIMENT S.A.
Nr 1 Viitorului street MD-5400 Rezina Moldova
ATTN: Mr. Sorin Boza

**Notify address**
Mr. Sorin Boza
Tel:+373 69777 762

**Vessel:** PALINI
**Port of loading:** XINGANG, CHINA
**Port of discharge:** CONSTANTA

ORIGINAL

Shipper's description of goods      Gross weight

| Marks & Nos. | Quantity | Description of Goods | Gross Weight in Kilos | Measurement |
|---|---|---|---|---|
| | 196PKGS | EQUIPMENT FOR A NEW COAL GRINDING INSTALLATION AT THE REZINA PLANT IN MOLDOVA | 689059KGS | 2497.9CBM |

Consignee: Ciment S.A
Contract no.: CIMENT S.A.-01
Shipper: CBMI Construction Co.,Ltd
Destination: Constanta
NAME OF GOOD:
ITEM NO:
PACKAGE NO:
GROSS WEIGHT:    kg
NET WEIGHT:    kg
DIMENSION(L*W*H):   cm*  cm*  cm
MANUFACTURER:

2006
Ciment S.A

-Shipper's load, stow and count, quantity and quality said to be:
-On deck at shippers charterers, receivers risk and responsibility for loss, damage and/or expenses howsoever caused. Owners will not be responsible for any consequences of deck shipment howsoever caused.
-16 packages covered slightly rust
-2 steel barrel leak oil
-Cargo surface nicked before loading
-Wood box surface defaced or broken    SHIPPED ON DECK
-Calculated as per costaco tally    FREIGHT PREPAID

TOTAL: ONE HUNDRED AND NINTY SIX PACKAGES ONLY

(of which    on deck at Shipper's risk the Carrier not being responsible for loss or damage howsoever arising)

Freight payable as per CHARTER-PARTY dated ...... 5-JUNE-2007

FREIGHT ADVANCE.
Received on account of freight:

Time used for loading........... days ............. Hours.

SHIPPED at the Port of Loading in apparent good order and condition on board the Vessel for carriage to the Port of Discharge or so near thereto as she may safely get the goods specified above.
Weight, measure, quality, quantity, condition, contents and value Unknown.
IN WITNESS whereof the Master or Agent of the said Vessel has signed the number of Bills of Lading indicated below all of this tenor and date, any one of which being accomplished the others shall be void.
FOR CONDITIONS OF CARRIAGE SEE OVERLEAF

**Freight payable at:** CHINA
**Number of original B/L:** THREE
**Place and date of issue:** TIANJIN, CHINA   20 JUL 2007

**Signature:** CHINA MARINE SHIPPING AGENCY
AS AGENT FOR AND ON BEHALF OF THE
MASTER (illegible)

C.15 Printed and sold by
Witherby & Company Limited, 32/36 Aylesbury Street,
London EC1R 0ET.
Tel.No.0171 251 5341 Fax No.0171 251 1296
by authority of The Baltic and International Maritime Council,
(BIMCO)Copenhagen.

**EXHIBIT 3**

MED-ASIA SHIPPING LTD, MAURITIUS
2nd Fl, Felix House, 24 Dr.Joseph Riviere St, Port Louis, Mauritius

TO: COSCO BEIJING INTERNATIONAL FREIGHT COMPANY LIMITED

Ref Fixture Note dated 05 June 2007 with Med Asia Maurutius for vessel MV PALINI:

The fixture notes state that all cargo shipped on deck at charters/shippers/receivers risk/account. The bill of lading issued (BL 15/16/17/21) also has relevant remarks. Med Asia hereby make following claim for costs, expenses, delays and losses incurred at Singapore for relashing the deck cargo.

Time and bunkers ROB at completion of bukering at Singapore.
    06/aug at 1040lt BROB: IFO= 1367,4 mt  MGO= 230,2 mt

Time of pilot boarding with bunkers r.o.b. at Singapore
    10/aug at 2030lt POB ;BROB: IFO=1367,4 mt MGO= 217,1 mt

Time taken for relashing/ restowing: 04d09h50m: 4.4097 days
Cost of vessel (hire) due to owners: @32000pd: 141.110,40 usd
Cost of bunkers consumed: 13.1mt mgo@600usd/mt:  7.860,00 usd
Cost of delays - total: usd 148.970,40
Cost of relashing incl Agency fee (sgd 111.252,53): usd 73.020,59
Cost of surveyors and port captain including bonuses to crew: usd 10.000,00

Total claim to charterers: usd 231.990,99

Please confirm so that an invoice can be issued with banking details for the claimed amount.

Kind Regards

For and on behalf of
Med-Asia Shipping Ltd. (LL03921)

..................................
Authorized Signature(s)

For and On Behalf of
MED ASIA MAURITIUS
10 SEP 2007