# EXHIBIT 4

900200.00001/6536029v.1

BLANK ROME LLP
Attorneys for Defendant
LeRoy Lambert (LL-3519)
405 Lexington Avenue
New York, NY 10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MED-ASIA SHIPPING LTD., <br><br> Plaintiff, <br><br> - against - <br><br> COSCO BEIJING INTERNATIONAL FREIGHT CO., LTD., <br><br> Defendant. | 07 CV 9624 (RMB) |

**VERIFIED ANSWER AND COUNTERCLAIM UNDER RULE E(7) OF SUPPLEMENTAL RULES FOR ADMIRALTY OR MARITIME CLAIMS AND ASSET FORFEITURE CLAIMS OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Defendant COSCO BEIJING INTERNATIONAL FREIGHT CO., LTD, appearing specially herein pursuant to Supplemental Rule E(8), answers the Rule B complaint of MED-ASIA SHIPPING LTD. and states as follows upon information and belief:

1. Admits the allegations in Paragraph 1 of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint.

3. Admits the allegations in Paragraph 3 of the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint.

128684.00601/6605631v.1

5. Admits that Plaintiff and Defendant entered into a fixture note dated June 5, 2007, annexed to the Complaint as Exhibit 1, respectfully refers the Court to the terms of the fixture note, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint.

6. Denies the allegations of Paragraph 6 of the Complaint and respectfully refers the Court to Exhibit 1 to the Complaint and to the Bill of Lading annexed as Exhibit 2 for text of the terms stated in those documents.

7. Admits that the cargo described in the fixture note was loaded aboard the Vessel on or about July 19, 2007, and otherwise denies the allegations in Paragraph 7 of the Complaint.

8. Denies the allegations in Paragraph 8 of the Complaint.

9. Denies the allegations in Paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint, but admits that Plaintiff and Defendant have agreed to arbitrate in Hong Kong the disputes raised herein ("HK Arbitration").

11. Denies the allegations Paragraph 11(A) and 11(B), admits that the amounts in 11(C) and 11(D) are reasonable estimates of the recoverable attorney's fees and expenses to be incurred by either party in prosecuting or defending the HK Arbitration, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint.

12. Admits the truth of the allegations in Paragraph 12 of the Complaint.

13. Admits that Plaintiff seeks the order described and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint.

### AFFIRMATIVE DEFENSES

### FIRST

14. The Court lacks personal jurisdiction over Defendant which is specifically not waived by an appearance herein pursuant to Supplemental Rule E(8).

### SECOND

15. The Complaint fails to state a cause of action upon which relief may be granted.

### THIRD

16. The action must be stayed or dismissed under 9 U.S.C. § 1 et seq. and §§ 201, et seq. in favor of the HK Arbitration.

### AS AND FOR A COUNTERCLAIM UNDER SUPPLEMENTAL RULE E(7)

17. Under the law and procedure of Hong Kong, the prevailing party is entitled to recover its attorney's fees and certain litigation/arbitration expenses.

18. If Defendant successfully defends itself in the HK Arbitration, it will be entitled to recover its attorney's fees and certain litigation/arbitration expenses which it estimates to be $75,000 and $25,000, respectively.

19. The Court issued the order of maritime attachment requested by Plaintiff, and to date, Plaintiff has attached various transfers to or from Defendant in New York totaling $64,828.29.

3

128684.00601/6605631v.1

20. Pursuant to Supplemental Rule E(7), Defendant is entitled a) to countersecurity in the sum of $100,000 as demanded in this Counterclaim and b) a stay of the action and service of the attachment order until such time as Plaintiff provides such countersecurity.

21. Defendant reserves its rights to alter and amend this Counterclaim to seek further and additional security from Plaintiff and others that may be liable.

WHEREFORE Orient respectfully prays that

a. the Court direct Plaintiff to post countersecurity in a form acceptable to the Court in the sum of $100,000, or such other amount as the Court may determine pursuant to Supplemental Rule E(7);

b. the Court stay the action pursuant to Supplemental Rule E(7), including the service of the Order of Attachment issued herein until such time as Plaintiff has posted countersecurity as prayed for above;

c. the Court otherwise stay the action pending the outcome of the HK Arbitration pursuant to 9 U.S.C. §3; and

d. provide such other relief, as may be fair and equitable in the premises.

Date: New York, New York
January 14, 2008

Respectfully submitted,

BLANK ROME LLP

By: _____
LeRoy Lambert
405 Lexington Avenue
New York, New York 10174
(212) 885-5000

*Attorneys for Defendant*

4

128684.00601/6605631v.1

## VERIFICATION

STATE OF NEW YORK        )
                         : ss.:
COUNTY OF NEW YORK   )

LeRoy Lambert, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome, LLP, attorneys for Defendant.

2. I have read the foregoing Answer and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Defendant is that Defendant is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of Defendant.

_____
LeRoy Lambert

Sworn to before me this
14th day of January 2008

_____
Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4783126, Qual. In Nassau Cty.
Certificate Filed in New York County
Commission Expires Nov 30, 2009

5

128684.00601/6605631v.1