# EXHIBIT 5

900200.00001/6536029v.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
MED-ASIA SHIPPING LTD., :
:
                Plaintiff, :   07 CV 9624 (RMB)
:
- against - :
:
COSCO BEIJING INTERNATIONAL FREIGHT :
CO., LTD., :
:
                Defendant. :
------------------------------------------------------------------X

## AFFIDAVIT OF JOSE-ANTONIO MAURELLET

I, **JOSE-ANTONIO MAURELLET**, of 10th Floor, Bank of East Asia Building, 10 Des Voeux Road, Central, Hong Kong Special Administrative Region of the People's Republic of China, DO MAKE OATH and say as follows:-

1. I currently a practising barrister-at-law in Hong Kong. The facts and matters deposed to herein are true and correct to the best of my personal knowledge, information and belief.

Qualifications

2. I read law at St Edmund Hall, University of Oxford in the United Kingdom and obtained my B.A. in 1999. I obtained my Postgraduate Certificate in Laws in 2000 at the University of Hong Kong. I was called to the Hong Kong Bar in 2000.

3. I practice in the general civil and commercial field, with an emphasis on company matters. I have been a contributing editor of the Hong Kong Civil Procedure (also

900200.00001/85046946v.1

known as the "White Book") since 2002. I am also a consultant editor of the Hong Kong Law Reports and Digest which is the only official law reporting service of the Hong Kong Judiciary.

Instructions

4. I am instructed by Blank Rome LLP on behalf of Cosco Beijing International Freight Co. Ltd, the Defendant herein, to advise on the principles relating to the award of costs as a matter of Hong Kong law.

5. I have reviewed the Complaint and Answer/Counterclaim in the referenced matter. As I have had no prior involvement in this matter I am not able to confirm the accuracy or otherwise of the matters stated therein.

Legal Principles on costs in Hong Kong

6. The principles relating to costs as a matter of Hong Kong law and procedure are conveniently and accurately set out in the recent judgment of the Honourable Mr. Justice Poon in *Fonfair Company v. UDL Management* (unreported judgment dated 12th July 2007):

> "*Section 52A(1) of the High Court Ordinance, Cap.4, provides that subject to the provisions of the rules of court, this court shall have full power to determine by whom and to what extent the costs of an incidental to all proceedings are to be paid. However, the discretion must be exercised on fixed principles, that is, according to rules or reason and justice : see Hong Kong Civil Procedure 2007, Vol.1 para.62/2/6 at p.934.*"

7. In *re Elgindata Limited* (No.2) [1992] 1 WLR 1207, Nourse LJ set out the general principles governing the award of costs. These principles have been adopted and applied consistently by the courts in Hong Kong and recently by the Court of Appeal in

2

*Wang Din Shin v. Nina Kung alias Nina TH Wang*, CACV460/2002 & CACV67/2003, unreported, 19 April 2005, per Yuen JA at para.40; *KWKM nee WKM v. KSW*, CACV432/2006, unreported, 15 June 2007, per Yuen JA at para.27. (See also *Edmund Kung Chiu Nam v. The Insider Dealing Tribunal and the Financial Secretary*, CACV176/2006, unreported, 22 May 2005.) Yuen JA set out the principles thus:-

(1) costs are in the discretion of the court [Order 62, rule 2(4) of the Rules of the High Court ("RHC")];

(2) they should follow the event, except where it appears to the court that in the circumstances of the case some other order should be made [Order 62, rule 3(2), RHC];

(3) the general rule does not cease to apply simply because the successful party raised issues or makes allegations on which he fails, but where that has caused a significant increase in the length or cost of the proceedings he may be deprived of the whole or part of his costs; and

(4) where the successful party raises issues or makes allegations "improperly or unreasonably" [in Hong Kong, "improperly or unnecessarily"], the court may not only deprive him of his costs but may order him to pay the whole or part of the unsuccessful party's costs [Order 62, rule 7(1), RHC]".

8. In other words, costs, including a party's legal (or attorney) fees in connection with prosecuting or defending an action are normally awarded by the Court (or tribunal) as

part of the judgment (or Award in case of an arbitration). So whilst costs are always a matter of discretion, unless there are very good reasons to the contrary, the loser (be it the Claimant or the Respondent) pays the 'winner'. This is what is known as the principle "costs follow the event".

9. Under Hong Kong law and procedure, if a Defendant successfully defends a case, the Court (or tribunal) will issue a judgment (or Award) dismissing the case and also include in that Judgment (or Award) the amount of the Respondent's recoverable costs as agreed by the parties or, if they cannot agree, as fixed by the Court (this is known as "taxation").

10. This would be an enforceable monetary judgment (or Award) against the Plaintiff. If not paid by the Plaintiff, the Defendant may seek enforcement and use the same remedies as it could use to enforce any money Judgment.

11. This is in accordance with the general principle that the 'winner' receives an award of costs. If the Plaintiff wins, he normally gets his or its costs. If he loses, the Defendant will normally get his or its costs.

12. The claim by a Plaintiff for its costs in connection with prosecuting its claim is, conceptually, no different than the claim by a Defendant for its costs in connection with Defending a claim. This is a right under Hong Kong law and procedure which is specifically pleaded and prayed for in the pleadings of the parties.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Hong Kong on this 21st day of January 2008.

By: _____
JOSE-ANTONIO MAURELLET
10th Floor, Bank of East Asia Building
10 Des Voeux Road, Central
Hong Kong

This Affidavit is filed on behalf of the Defendant herein.

5

900200.00001/85046946v.1