UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MED-ASIA SHIPPING LTD.,                         :     07 CV 9624 (RMB)
                                                :
                Plaintiff,                      :     ECF CASE
                                                :
    - against -                                 :
                                                :
COSCO BEIJING INTERNATIONAL FREIGHT             :
CO., LTD.,                                      :
                                                :
                Defendant.                      :
------------------------------------------------------------------X

## MEMORANDUM OF LAW IN
## OPPOSTION TO MOTION FOR COUNTERSECURITY

Lennon, Murphy & Lennon, LLC
Kevin J. Lennon, Esq.
Nancy R. Siegel, Esq.
420 Lexington Avenue, Suite 300
New York, New York 10170
(212) 490-6050
(212) 490-6070 - Fax

## **FACTS**

Plaintiff, Med Asia Shipping Co. Ltd. (hereinafter "Med Asia" or "Plaintiff"), by and through it undersigned counsel, Lennon, Murphy & Lennon, LLC, respectfully submits this Memorandum of Law in Opposition to the Motion of the Defendant, Cosco Beijing International Freight Co. Ltd. (hereinafter "Cosco" or "Defendant"), that seeks countersecurity in the amount of $100,000. This action was commenced by Med Asia on October 20, 2007 pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure (hereinafter referred to as the "Supplemental Rule __").

Pursuant to a charter party dated June 5, 2007, Plaintiff chartered the motor vessel Palini to the Defendant for the carriage of for a trip from Xingang, Peoples Republic of China to Costantza, Romania for the purpose of carriage of heavy equipment, on the vessel's deck, for a new coal grinding plant at the Rezina Plant in Moldova. See Verified Complaint annexed as Exhibit 1 to Declaration of LeRoy Lambert in Support of Motion to Vacate (hereinafter referred to as "Lambert Decl.").

In having its cargo loaded aboard the vessel's deck the Defendant accepted all risk and responsibility for any loss, expenses or damage that might ensue. As fate would have it, during the course of the voyage the vessel encountered heavy weather and Defendant's cargo shifted requiring that it to be re-lashed, or secured. As a result of the re-lashing of the Defendant's cargo, Plaintiff incurred the damages and expenses, all of which are the responsibility of the Defendant.

The charter party does <u>not</u> have a law and jurisdiction clause but the parties have agreed to submit their dispute to Hong Kong arbitration.

## **PRELIMINARY STATEMENT**

A straight forward application of Supplemental Rule E(7) will result in the denial of Defendant's motion. Defendant incorrectly interprets several cases that have been decided on the novel contention that a defendant to a Rule B attachment action which does not have any colorable *counterclaim* is somehow entitled to countersecurity. The language of Supplemental Rule E(7) could not be any clearer in showing this is not so. The rule reads as follows:

> **Security on Counterclaim**
>
> **When a person who has given security for damages in the original action <u>asserts a counterclaim</u> <u>that arises from the transaction or occurrence that is the subject of the original action</u>, a plaintiff for whose benefit the security has been given must give security for <u>damages</u> demanded in the counterclaim unless the court for cause shown, directs otherwise.**

Supplemental Rule E(7) (emphasis added). Importantly, the rule is styled: "Security on Counterclaim." Thus, in order to come within the scope of the rule, a defendant *must* have a counterclaim. As shown herein, and notwithstanding the Declaration of Jose-Antonio Maurellet, Cosco's Hong Kong barrister, who comments on the right of a party to Hong Kong arbitration proceedings to recover its **costs** incurred in successfully defending a claim (which is not denied by Med Asia), Cosco has <u>no counterclaim</u>.

Assuming arguendo that Cosco could be said to possess a counterclaim, it is also important to recognize that such a counterclaim also did not arise from the "transaction or occurrence that is the subject of the original action." The "transaction or occurrence" being that as set out in Plaintiff's Verified Complaint. See Ex. 1 to Lambert Decl.

Cosco does not go so far as to assert that due to its own breach of contract, as is set out in Plaintiff's Complaint, that it somehow obtained a counterclaim. Rather, it is solely by virtue of

3

the fact that Med Asia has claimed against Cosco that Cosco has incurred defense costs. Yet, that is not a counterclaim in any sense. The legal maxim that one should not profit from his own wrongdoing is particularly apt in these circumstances.

A defendant to a Rule B maritime attachment action may not obtain countersecurity for its litigation expenses, whether the same be in a lawsuit or arbitration, under Supplemental Rule E *unless* and until it has asserted a proper counterclaim in the underlying proceeding. Here, Cosco does not even go so far as to say that it has interposed a substantive counterclaim in the underlying proceeding. Quite simply, this is so because it cannot assert its *alleged* defense costs as a counterclaim in the underlying proceeding. Cosco's request for $100,000 in countersecurity, *sans* a bona fide counterclaim, has no basis in law and must be denied.

A Rule B defendant such as Cosco is also not entitled to countersecurity for the costs to be incurred in defending an affirmative claim. See Aifos Trade S.A. v. Midgulf International Ltd., 06 Civ. 203 (SHS) (S.D.N.Y. 2006). Because Cosco's demand for countersecurity is admittedly nothing more than its costs of defending against Med Asia's claim it cannot properly support an award of countersecurity under Supplemental Rule E(7),

Cosco's demand for countersecurity appears to be a thinly disguised litigation tactic by which Cosco is improperly seeking to obtain leverage against, or retaliate against, Med Asia for seeking security in New York from Cosco for its affirmative claims arising from Defendant's and breach of contract. Cosco's hollow contention that its demand is merely designed to place the parties on "equal footing" does not alter the fact that it has not articulated a counterclaim.

It should go without saying that security of any sort should not be provided for frivolous claims. However, this is exactly what Cosco seeks to accomplish by its motion. The lack of any

4

established and colorable basis to interpose a countersecurity demand serves to underscore that the motion seeks to do nothing more than hinder Med Asia's efforts to obtain recovery against Cosco for its damages. The unfair pursuit of a tactical advantage to utilize against an adversary is not a purpose that finds favor in maritime attachment actions. See Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., 384 F. Supp. 2d 726, 730 (S.D.N.Y. 2006), *rvsd on other grounds*, 460 F.3d 434 (2d. Cir. 2006).

In Aqua Stoli, Judge Schiendlin found that "tit for tat" retaliation in the maritime attachment arena was improper. Interestingly, Cosco has not even attempted to make any reasonable calculation of the costs it might incur in defending against Med Asia's claim. Rather, it coyly asserts that it should have countersecurity for its so called costs in the exact same dollar amount as that sought by Med Asia. This exemplifies the instant motion as a litigation tactic. It also fits neatly into the admonition issued by Judge Schiendlin in Aqua Stoli. Resultantly, Cosco's motion should be denied.

As commented upon by Cosco's counsel, there has been no small amount of attention afforded to Rule B proceedings in this district following the Second Circuit's decision in Winter Storm Shipping Ltd. v. TPI, 310 F.3d 263 (2d Cir. 2003). In response to the efforts of maritime claimants to obtain security for their claims, there have been myriad efforts made to create obstacles to what was, and should be, a very straightforward process to obtain security for as per Supplemental Rule B. Yet, this is not the case as parties that have their property attached in NY bring all manner of applications before the Court seeking to set aside, modify or otherwise complain about the attachment. In so many of these cases, had the defendant simply met its obligations towards the plaintiff then there would have been no Rule B application. The oft cited

Shakespearian line "The lady doth protest too much, methinks[1]" springs to mind! Cosco's within application here is no different in that it seeks to make what was (and hopefully still is) once clear confused: a defendant unable to assert a bona fide counterclaim is not entitled to an award of counter security.

Finally, the countersecurity sought by Cosco also stands to turn reason on its head. If a Rule B defendant is permitted to seek and obtain countersecurity *solely* for the costs that it claims it will incur in defending the claim brought against it, paying no heed to even whether there is any merit to the defense, then the perverse and unintended consequence of providing the largest measure of countersecurity *solely* for such costs would inure to the benefit of that class of defendants who cause the greatest damage! Further, a practical consequence of the result sought by Cosco is that a Rule B attachment would possible move out of reach of certain claimants due to the onerous requirement of securing a defendant even where the defendant does not even have a counterclaim! Put another way, if Cosco has its way this will essentially be a court approved litigation tactic that is designed *solely* to subvert the historical and immensely beneficial purpose of Rule B maritime attachments which is to afford security for maritime claimants.

## ARGUMENT

### POINT I

**DEFENDANT'S MOTION SHOULD BE DENIED AS IT HAS NOT ASSERTED A SUBSTANTIVE COUNTERCLAIM WITHIN THE MEANING OF RULE E(7)**

Supplemental Rule E(7)'s language clearly calls for the assertion of a "counterclaim." Such unmistakable and unambiguous statutory language should guide the Court. The Court should not be persuaded to look for alternative meaning or read into the statue anything not

---

[1] *Hamlet*, Act III, scene ii, line 242.

clearly expressed in the rule itself. Where the meaning is plain a court need not proceed any further. See Daniel v. Am. Bd. of Emergency Med., 428 F. 3d 408, 423 (2d Cir. 2005) (citations omitted); see also Freier v. Westinghouse Elec. Corp., 303 F.3d 176, 197 (2d Cir. 2002).

A party simply may not obtain countersecurity for the costs of defending against affirmative claims. See Aifos Trade S.A. v. Midgulf Int'l Ltd., 06 Civ. 203 (SHS) (S.D.N.Y. May 2, 2006) in which Honorable Judge Stein denied a defendant's request for countersecurity for arbitrators costs and legal fees incurred in defending plaintiff's claim finding the same to be "a purpose that is **beyond the scope** of Rule E(7)(a) … which provides that countersecurity is to cover only the 'damages demanded in the counterclaim'." Here, Cosco does not, and cannot, assert "damages" on its counterclaim and only "costs" which does not comport with Rule E(7).

Cosco's citation to Ulises Shipping Corp. v. Fal Shipping Co. Ltd., 415 F. Supp. 2d 318, 329 (S.D.N.Y. 2006), *overruled as stated in* Tideline Inc. v. Easttrade Commodities, Inc., 2006 U.S. Dist. LEXIS 95870, 2007 A.M.C. 252 (S.D.N.Y. 2006) does not provide it any support. Honorable Judge Schiendlin's decision, without citation to any caselaw, briefly states that the claimed expenses and costs were "inextricably intertwined with the original transaction" and thus that counter-security for the same was permitted under Rule E(7). However, with all due respect for Judge Schiendlin, this does not comport with the plain language of the rule. Further, the demand for countersecurity in that case was, in fact, stipulated to by Plaintiff's counsel[2].

Cosco's reliance on Fednav International Ltd. v. Sunwoo Merchant Marine Co. Ltd., 2007 U.S. Dist. LEXIS 79685 (S.D.N.Y. October 18, 2007) is also misplaced. There, Judge Chin's Order directing Fednav to provide counter security for defendant Sunwoo's costs **was** supported by the presence of an actual counterclaim in the sum of $92,289.35. Thus, the Fednav

case is wholly inapposite to Cosco's position.

Additionally, the slim reed upon which Judge Chin premised his decision - defendant's argument that to prevail on its **counterclaim** it would have to defeat plaintiff's substantive claim, and therefore necessarily incur the costs and fees for which countersecurity was permitted – is not, and cannot be, claimed by Cosco since Cosco does not have any claim it is pursuing.

## POINT II

### DEFENDANT'S MOTION SHOULD BE DENIED AS IT IS NOT SEEKING COUNTERSECURITY WITHIN THE AMBIT OF RULE E(2)(b)

In a last ditch effort to support its motion for countersecurity, Cosco resorts to Rule E(2)(b). Unfortunately for Cosco, this portion of the Supplemental Rules affords it even less quarter than does Rule E(7)(a). Rule E(2)(b) permits a district court to award costs incurred in the Rule B action. The undersigned has on at least one, if not two, prior Rule B attachments that were assigned to Honorable Judge Batts, been required to post $5,000 security under the auspices of this rule in order to cover the potential that the defendant might, at the end of the day, show itself entitled to recover for its costs incurred in the defense of the Rule B attachment.

Rule E(2)(b) can be used to compel a plaintiff to counter-secure a defendant that incurs the cost of posting substitute security as provided for in Supplemental Rule E(5). See Rolls Royce Indus. Power (India) v. M.V. Fratzis, 1996 U.S. Dist. LEXIS 4907 (April 15, 1996) (wherein Honorable Senior Judge Haight found that the expense of obtaining a letter credit to be "an additional expenses which is properly the subject of an order for the giving of security for costs under Supplemental Rule E(2)(b).")

However, an arbitration panel will <u>not</u> award costs related to pre-judgment attachment or

---

2 Ulises was represented by Patrick F. Lennon of Lennon, Murphy & Lennon, LLC.

enforcement of an arbitration award, or judgment based thereon. Rather, an arbitration panel is authorized to award costs incurred in regard to litigating substantive claims, such as the attorneys' fees relating to the arbitration itself and the arbitrators fees. In this respect, within the parties Hong Kong arbitration it is conceded that Cosco may apply to the arbitrators for an award of security for the costs that they are seeking herein. Such a right does not, however, mean that Med Asia is without rights to oppose such an application.

Pointedly, Cosco has not cited to any decisions issued under Supplemental Rule E(2)(b) which support its argument. Rather, it reads quite deep into the Second Circuit's decision in Result Shipping Co. v. Ferruzzi Trading USA, 56 F. 3d 392 (2d Cir. 1995), which denied a similar request for security for attorneys fees, and concludes the Second Circuit based its decision on a failure of the defendant to argue for the countersecurity under English law. This is putting a very positive spin on decidedly negative Second Circuit the addresses Cosco's motion. Where Cosco then tries to argue that Med Asia itself has conceded this argument because it has obtained security for its "costs" including attorneys fees this ignores the key and controlling factor that Med Asia has interposed a substantive claim supporting the issuance of the Ex Parte Order! Further, while Cosco has apparently arranged to provide full security for Med Asia's claim, this has not, as yet been accomplished. Hence, as of the time of the filing of these papers, Med Asia has absolutely no security for the $100,000 of costs it has claimed in this action. Therefore, the parties are in equipoise in this regard.

## **CONCLUSION**

As stated above, there is no colorable basis upon which this Court may find that Cosco is entitled to an award of countersecurity under either Supplemental Rule E(7) or Rule (E)(2)(b).

The Court is vested with discretion on a *proper* motion for countersecurity. See <u>Expert Diesel, Inc. v. Yacht "Fishin Fool"</u>, 627 F. Supp. 432, 433 (S.D. Fla. 1986). However, this discretion must be exercised with the fundamental purpose of Rule E(7) kept in mind which is "to place the parties equal footing regarding security ... it is **not intended** as an instrument by which a defendant may inhibit the plaintiff's prosecution of its suit." See <u>Whitney-Fidalgo Seafoods, Inc. v. Miss Tammy</u>, 542 F. Supp. 1302, 1305 (D. Wash. 1982)(internal citations omitted)(emphasis added).

For all of the foregoing reasons, Defendant's motion for countersecurity should be denied.

Dated: February 14, 2008
       Southport, CT

                                        The Plaintiff,
                                        MED-ASIA SHIPPING LTD.

                                        By: _____
                                            Kevin J. Lennon
                                          Nancy R. Siegel
                                          LENNON, MURPHY & LENNON, LLC
                                          The Gray Bar Building
                                          420 Lexington Ave., Suite 300
                                          New York, NY 10170
                                          (212) 490-6050
                                          (212) 490-6070 (fax)
                                          kjl@lenmur.com
                                          nrs@lenmur.com

**AFFIRMATION OF SERVICE**

I hereby certify that on February 14, 2008, a copy of the foregoing MEMORANDUM OF LAW was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

Kevin J. Lennon