BLANK ROME LLP
Attorneys for Defendant
COSCO BEIJING INTERNATIONAL
 FREIGHT CO., LTD.
LeRoy Lambert (LL-3519)
The Chrysler Building
405 Lexington Avenue
New York, NY  10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MED-ASIA SHIPPING LTD., <br><br> Plaintiff, <br><br> -against- <br><br> COSCO BEIJING INTERNATIONAL FREIGHT CO., LTD., <br><br> Defendant. | 07 Civ. 9624 (RMB) |

**REPLY MEMORANDUM OF LAW OF DEFENDANT/
COUNTERCLAIMANT IN SUPPORT OF MOTION
<u>FOR COUNTERSECURITY/SECURITY FOR COSTS</u>**

-i-

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................. ii

ARGUMENT ........................................................................................................................1

POINT I

    DEFENDANT HAS ASSERTED A COUNTERCLAIM WITHIN THE MEANING OF
    RULE e(7)...................................................................................................................1

POINT II

    IN ADDITION, OR IN THE ALTERNATIVE, DEFENDANT IS ENTITLED TO
    SECURITY FOR COSTS UNDER RULE E(2)(B) IN THE AMOUNT OF $100,000 .............6

CONCLUSION......................................................................................................................8

# TABLE OF AUTHORITIES

## FEDERAL CASES

Aifos Trade S.A. v. Midgulf Int'l Ltd., 06 CV 203 (SHS) (S.D.N.Y. 2006) ...................... 2

Aqua Stoli v. Gardner Smith Pty Ltd, 460 F.3d 434 (2d Cir. 2006) .................................. 2

Continental Shipping, Ltd. v. Telfair International Corp., 1990 U.S. Dist. LEXIS 11549 (S.D.N.Y. Sep. 5, 1990) .............................................................................. 4

Fednav International Ltd. v. Sunwoo Merchant Marine Co. Ltd., 2007 U.S. Dist. LEXIS 79685 (S.D.N.Y. October 18, 2007) ..................................................... 3

Front Carriers Ltd. v. Transfield ER Cape Ltd., 2007 U.S. Dist. LEXIS 85177 (S.D.N.Y. Nov. 16, 2007) (reviewing cases) ................................................... 5

Result Shipping Co. Ltd. v. Ferruzzi Trading USA Inc., 56 F.3d 394 (2d Cir. 1995) (DM at 5-6) ...................................................................................... 4, 5, 6

The Rice Co. v. Express Sea Transport Corp., 2007 U.S. Dist. LEXIS 84300 (S.D.N.Y. Nov. 15, 2007) ............................................................................... 5

Tide Line, Inc. v. Eastrade Commodities, Inc., 2006 U.S. Dist. LEXIS 95870 (S.D.N.Y. Aug. 15, 2006) ................................................................................ 2

Ulisses Shipping Corp. v. FAL Shipping Co., 415 F. Supp. 2d 318 (S.D.N.Y. 2006) ............................................................................................................. 2

## MISCELLANEOUS

6 C. Wright and A. Miller, *Federal Practice and Procedure*, § 1411 (2007) ..................... 3

Defendant/Counterclaimant Cosco Beijing International Freight Co., Ltd. ("Defendant") respectfully moves this Court to direct Plaintiff Med-Asia Shipping Ltd. ("Plaintiff") to provide countersecurity and/or security for "costs" (which includes attorney's fees as that term is used in Hong Kong) in the amount of $100,000 so that the playing field with respect to security remains equitably balanced while the parties arbitrate their disputes in Hong Kong. Contrary to Plaintiff's various arguments in its Memorandum of Law in Opposition ("PM"), Defendant has stated a counterclaim within the meaning of Rule E(7), and there is no question that the Court's "broad discretion" under Rule E(7) should be exercised in this case to direct Plaintiff to provide countersecurity. In addition and/or in the alternative, Defendant is entitled to security for "costs" under Rule E(2)(b).[1] The relevant facts are not in dispute and are stated in the parties' respective memoranda of law and the Lambert Affidavit and Reply Affidavit.

## ARGUMENT

### POINT I

### DEFENDANT HAS ASSERTED A COUNTERCLAIM WITHIN THE MEANING OF RULE E(7)

Rule E(7)(a) provides:

> (a) When a person who has given security for damages in the original action asserts a counterclaim that arises from the transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit the security has been given must give security for damages demanded in the counterclaim, unless the court for cause shown, directs otherwise. Proceedings on the original claim must be stayed until this security is given unless the court directs otherwise.

---

[1] Plaintiff also submits the Reply Affidavit of LeRoy Lambert dated February 19, 2008 ("Lambert Reply Aff.") and refers the Court as well to its Memorandum of Law in Support dated February 7, 2008 ("DM") and Affidavit of LeRoy Lambert dated February 7, 2008 ("Lambert Aff."). Exhibit 5 to the Lambert Affidavit is the Declaration of a barrister in Hong Kong, Jose Antonio Maurellet ("Maurellet Dec."). "Rule __" in this Reply Mamorandum of Law refers either to a numbered rule of the Federal Rules of Civil Procedure or a lettered rule in the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules, as the case may be.

Defendant has pleaded a Counterclaim in its Answer, denominated as such. Lambert Aff. Ex. 4. In his Declaration, Mr. Maurellet, a barrister in Hong Kong, has described the Counterclaim and its basis under Hong Kong law and procedure.

Plaintiff, however, conclusorily and self-servingly contends that Defendant's Counterclaim is not a "counterclaim" within the meaning of Rule E(7). Plaintiff submitted no declaration from a barrister in Hong Kong contending otherwise. Plaintiff has not even filed a Reply to the Counterclaim.

Plaintiff cites one case and one case only in support of its alleged "strict construction" argument that a counterclaim under Rule E(7) does not include a counterclaim such as the one Defendant has pleaded here: Judge Stein's decision in *Aifos Trade S.A. v. Midgulf Int'l Ltd.*, 06 Civ. 203 (SHS) (S.D.N.Y. 2006). PM at 7 (discussed in DM at 8-9, 11-12). Even Judge Stein, however, resorted to his view of the "purpose" behind Rule E(7), not the meaning of the term, in concluding that allowing countersecurity for costs of defending a claim is "a purpose beyond the scope of Rule E(7)(a)." With respect, and as Defendant contended in its Memorandum of Law, such a conclusion begs the very question to be answered. DM at 11-12.

Plaintiff concedes, as it must, that Judge Scheindlin and Judge Chin reached opposite conclusions (PM at 7-8), but Plaintiff's attempts to distinguish these decisions pale when measured against the reasoning those judges applied to decide the issue.

As to Judge Scheindlin's holding in *Ulisses Shipping Corp. v. FAL Shipping Co.*, 415 F. Supp. 2d 318 (S.D.N.Y. 2006),[2] that such a counterclaim presented under a system such as

---

[2] *Ulisses* was decided prior to *Aqua Stoli v. Gardner Smith Pty Ltd*, 460 F.3d 434 (2d Cir. 2006), in which the Second Circuit rejected the "needs" test Judge Scheindlin applied in *Ulisses* with respect to the Rule B attachment, 460 F.3d at 446 & n.8, as noted by Judge Wood in the same context in *Tide Line, Inc. v. Eastrade Commodities, Inc.*, 2006 U.S. Dist LEXIS 95870 (S.D.N.Y. Aug. 15, 2006). Neither the Second Circuit nor Judge Wood addressed the holding in *Ulisses* allowing countersecurity for costs.

128684.00601/6616891v.1

England's (and here, Hong Kong's) which award "costs" (including attorney's fees) to the prevailing party is "inextricably intertwined with the original transaction," Plaintiff simply states, again, that such a holding does "not comport with the plain language of the rule." PM at 7. But Plaintiff no where says why or how this is so.[3]

As to Judge Chin's holding in *Fednav International Ltd. v. Sunwoo Merchant Marine Co. Ltd.*, 2007 U.S. Dist LEXIS 79685 (S.D.N.Y. October 18, 2007), Plaintiff contends that there the defendant had an "actual" counterclaim (as did the defendant, in Plaintiff's view, in *Aifos*). However, Judge Chin sided with the reasoning of Judge Scheindlin in *Ulisses* in allowing countersecurity for the costs of defending the claim, not simply the costs of pursuing the counterclaim.

Moreover, in its Memorandum of Law (DM at 10-11), Defendant referred the Court to authorities interpreting the meaning of "counterclaim" under Rule 13. In the analogous situation of a defendant's claim for contribution/indemnity from a plaintiff, including attorney's fees, Wright and Miller state: "This approach [allowing such a counterclaim to proceed] seems sound when the counterclaim is based on pre-action events and only the right to relief depends upon the outcome of the main action." 6 C. Wright and A. Miller, *Federal Practice and Procedure*, § 1411 (2007). Here, the right to relief in the form of a judgment in favor of Defendant against Plaintiff for the amount of its "costs" (including its attorney's fees) in Hong Kong depends upon the outcome of the arbitration on the merits in Hong Kong. Plaintiff does not address, much less attempt to distinguish, this persuasive authority under Rule 13.

---

[3] Plaintiff repeats its counsel's belief that the parties in *Ulisses* stipulated to the demand for countersecurity. PM at 7 n.2. Plaintiff submits no evidence. Perhaps the stipulation was to the amount. Whatever may be the case, Judge Scheindlin's reasoning, as expressed at 415 Supp. at 329, makes no mention of any such stipulation. Her reasoning stands on its own, persuasive footing as a resolution of a disputed point.

Plaintiff suggests that Defendant's motion is somehow an improper litigation tactic. PM at 4. Defendant has exercised its rights under Rules E(7) and E(2)(b). These rules are of equal dignity as Rule B. Both are rules governing litigation "tactics" and there is nothing improper about exercising one's rights. A particularly unkind cut is Plaintiff's statement that "many" Rule B defendants are not meeting their obligations, and the suggestion that Defendant falls into this category. PM at 5-6. Plaintiff is hardly in a position to throw this stone when it has yet, three and one half months after filing this attachment action, to commence a proceeding in Hong Kong on the merits of its alleged claim.[4] Lambert Reply Aff. ¶ 3.

Plaintiff also suggests that granting countersecurity in a case such as this one would "possibly move [Rule B] out of reach of certain claimants." PM at 6. Plaintiff ignores, however, that in exercising the "broad discretion" given it under Rule E(7), a court is to balance the desirability of keeping the parties equitably balanced against the possibility that the plaintiff might not be able to maintain its claim. *Result Shipping Co. Ltd. v. Ferruzzi Trading USA Inc.*, 56 F.3d 394 (2d Cir. 1995) (DM at 5-6). Plaintiff itself protests too much in this regard.[5] In any event, Plaintiff submitted no evidence that it is unable to post countersecurity.

Defendant has pleaded a counterclaim for its costs in the eventual Hong Kong arbitration. Lambert Aff., Ex. 4. Plaintiff has not filed a reply to the counterclaim. Defendant has submitted

---

[4] A search of PACER for Plaintiff reveals, incidentally, that Plaintiff has traveled to New York to invoke Rule B five times (in addition to this action) in this District since January 2007. *Med-Asia v. Lianyungang Fareast Int'l Shipping Agency Co., Ltd*, 07 CV 00386; *Med-Asia v. Fair Wind (Europe) SA, Fair Wind Group (HK) Limited*, 07 CV 02339; *Med-Asia Shipping Limited v. Oceanic Bridge International, Inc,.* 07 CV 06258; *Med-Asia v. Shanghai Shenglian International Freight Forwarding Co. Ltd.*, 07 CV 09448; *Med Asia v. Cosco Tianjin Forwarding Agency Co., Ltd.*, 08 CV 00248. According to the Complaints, the merits are subject to resolution in London or Hong Kong.

[5] Whether the explosion of Rule B attachments burdening the dockets of district court judges should or should not be "chilled" is of course irrelevant in interpreting Rule E. However, since the Second Circuit has issued an invitation to the world to come to New York to secure claims whose merits are being decided elsewhere under procedures which award costs and attorney's fees to the prevailing party, no such party can truly complain if asked, in a proper exercise of a court's discretion under Rule E(7), to "put its money where its mouth is." *Continental Shipping, Ltd. v. Telfair Int'l Corp.*, 1990 U.S. Dist. LEXIS 11549, *4 (S.D.N.Y. Sep. 5, 1990) (Mukasey, J.).

the Maurellet Declaration by a distinguished barrister in Hong Kong and a consultant editor of the Hong Kong Law Reports and Digest, which makes clear that a prevailing defendant has a claim against the plaintiff for "costs," including attorneys fees, under Hong Kong law. Maurellet Dec. ¶3. Plaintiff has submitted no declaration contesting this fact.

The test is whether the counterclaim is "non-frivolous." *Ferruzzi*, 56 F.3d at 400. "Once satisfied that the counterclaim is 'non-frivolous,' a court need not probe more deeply into the strength of the counterclaim to grant counter-security." *The Rice Co. v. Express Sea Transport Corp.*, 2007 U.S. Dist. LEXIS 84300, *10 (S.D.N.Y. Nov. 15, 2007) (Pauley, J.). *See also Front Carriers Ltd. v. Transfield ER Cape Ltd.*, 2007 U.S. Dist. LEXIS 85177, *6-7 (S.D.N.Y. Nov. 16, 2007) (Sullivan, J.) ("court should do no more than screen out 'totally frivolous claims'") (reviewing cases).[6]

Here, Defendant's counterclaim for "costs" is based on the same contract and events giving rise to the alleged breach, i.e., the "same transaction or occurrence" as Plaintiff's claim is based upon. Defendant's right to relief, to recover its costs from Plaintiff under Hong Kong law, "depends upon the outcome of the main action." Under Hong Kong law, the claim rises or falls, as does Plaintiff's claim for costs, with the outcome of the action.

Plaintiff will soon have obtained security from Defendant. Lambert Aff. ¶6 and Ex. 6; Lambert Reply Aff. ¶2.[7] Plaintiff should be directed to "provide security to Defendant in the amount of $100,000, consistent with the well-recognized goal of Supplemental Rule E(7), which

---

[6] Plaintiff remarks (PM at 5) that Defendant "has not even attempted to make any reasonable calculation of its costs." Nor has Plaintiff, the sole "calculation" is stating the amount in Paragraph 11 of the Complaint. Nor has Plaintiff submitted any declaration from a Hong Kong solicitor or barrister stating that the amount $100,000 is excessive. Under existing case law, the pleadings suffice in both instances.

[7] This renders moot Plaintiff's argument (PM at 9) that the motion is premature.

is to place the parties on equal footing as regards security and thereby afford reciprocal protection while the parties arbitrate their disputes in Hong Kong.

## POINT II

### IN ADDITION, OR IN THE ALTERNATIVE, DEFENDANT IS ENTITLED TO SECURITY FOR COSTS UNDER RULE E(2)(B) IN THE AMOUNT OF $100,000

Rule E(2)(b) provides:

> Subject to the provisions of Rule 54(d) and of relevant statutes, the court may, on the filing of the complaint or on the appearance of any defendant, claimant, or any other party, or at any later time, require the plaintiff, defendant, claimant, or other party to give security, or additional security, in such sum as the court shall direct to pay all costs and expenses that shall be awarded against the party by any interlocutory order or by the final judgment, or on appeal by any appellate court.

In *Ferruzzi, supra*, 56 F.3d at 401-02, the Second Circuit denied the defendant's request for attorney's fees under Rule E(2)(b). The Second Circuit affirmed the district court's denial of the request. It appears that the defendant there did not contend that it was entitled to such an award under English law and procedure. According to the Second Circuit, granting security for "costs" which include amounts for attorney's fees would be contrary to the "American rule" under which "the prevailing party may not recover attorney's fees from the loser, *absent statutory or contractual provisions to the contrary*." *Id.* at 401 (emphasis added). Here, however, Plaintiff concedes the "American Rule" does not apply and has itself obtained security for its "costs" including attorney's fees.

Plaintiff seems to contend that the "costs" referred to in Rule E(2)(b) are those incurred in connection with the Rule B action (PM at 8), implying (but not explicitly stating) that Rule E(2)(b) cannot apply to "costs" in the underlying proceeding on the merits.

However, Plaintiff's contention takes too limited a view of the scope of this Rule B action and Rule E(2)(b). It will end when a final judgment here is entered based on the eventual award in Hong Kong. The merits are subject to resolution in Hong Kong, where costs, including attorneys fees, are awarded to the prevailing party. The Court has awarded and Plaintiff has obtained security for such "costs." If Defendant successfully defends itself in Hong Kong, the arbitration panel will dismiss Plaintiff's claims and issue an award <u>in favor of Defendant</u> in the amount of Defendant's "costs." Maurellet Dec., ¶¶ 8-10. Defendant may then return to New York and have that award of costs in its favor made a "final judgment" of <u>this</u> Court and enforce it against the countersecurity and/or the "security for costs."[8]

Since the plain language of Rule E(2)(b) authorizes the Court to require a plaintiff "to give security . . . in such sum as the court shall direct to pay all costs and expenses that shall be awarded against the party by . . . the final judgment . . . ," Rule E(2)(b) offers an additional, and perhaps more straightforward, remedy to achieve an equitable balance in cases where, as here, the defendant's counterclaim consists of "costs," which includes attorney's fees, as that term is used in other common law jurisdictions such as England and, here, Hong Kong.

---

[8] Of course, if Plaintiff succeeds in Hong Kong, Plaintiff will return to New York to enforce the award as a final judgment of <u>this</u> Court against the security Defendant has provided.

128684.00601/6616891v.1

## CONCLUSION

For the foregoing reasons, Plaintiff should be ordered to post countersecurity and/or security for costs in the amount of $100,000.00 in the form of cash, a bond or other acceptable form to Defendant, or, if suitable countersecurity/security is not posted within ten days of entry of an order of this Court, then Plaintiff's attachment should be vacated and this action dismissed. This Court should further grant Defendant such other and further relief as may be just and equitable.

Dated: New York, NY
       February 19, 2008

                                    Respectfully submitted,

                                    BLANK ROME LLP
                                    Attorneys for Defendant
                                    COSCO BEIJING INTERNATIONAL
                                       FREIGHT CO., LTD.

By _____
                                    LeRoy Lambert (LL 3519)
                                    The Chrysler Building
                                    405 Lexington Avenue
                                    New York, NY  10174-0208
                                    Tel.:  (212) 885-5000

128684.00601/6616891v.1