USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-2-08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
MED-ASIA SHIPPING LTD.,

                       Plaintiff,

       -against-

COSCO BEIJING INTERNATIONAL
FREIGHT CO., LTD.,

                      Defendant.
------------------------------------------------------X

07 Civ. 9624 (RMB)

**DECISION AND ORDER**

## I. Background

On or about October 30, 2007, Med-Asia Shipping Ltd. ("Plaintiff") filed a verified complaint ("Complaint") against Cosco Beijing International Freight Co., Ltd. ("Defendant") for the alleged breach of a maritime contract of charter ("Charter") dated June 5, 2007. (Compl. at 1–2.) Plaintiff claims that Defendant owes Plaintiff $389,922.94 in damages and expenses under the Charter following "the re-lashing of Defendant's cargo at Singapore." (Compl. at 2–3.) On October 30, 2007, the Court issued an Order for Process of Maritime Attachment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Supplemental Rules"). (Order of Attachment ("Order"), dated Oct. 30, 2007.)

On or about February 7, 2008, Defendant moved "pursuant to Rule E(7) and/or Rule E(2)(b) of the Supplemental Rules . . . for an Order requiring Plaintiff . . . to provide . . . security for costs in the amount of $100,000.00 to Defendant" arguing that if Defendant "successfully defends itself in the [Hong Kong] Arbitration, it will be entitled to recover its attorney's fees and certain litigation/arbitration expenses which it estimates to be $75,000 and $25,000, respectively." (Notice of Mot. for Countersecurity Pursuant to Supplemental Rules E(7) and/or

for Security for Cost Pursuant to Supplemental Rule E(2)(b) ("Motion"), dated Feb. 7, 2007, at 1; Aff. of LeRoy Lambert, dated Feb. 7, 2008, Ex. 4 at 3.) On or about February 15, 2008, Plaintiff filed an opposition brief ("Opposition") arguing, among other things, that Defendant is "not entitled to []security for the costs to be incurred in defending an affirmative claim." (Opp'n at 4.) On or about February 19, 2008, Defendant filed a reply brief ("Reply"). The parties waived oral argument.

**For the reasons stated below, Defendant's Motion is denied.**

**II.    Legal Standard**

Rule E(2)(b) of the Supplemental Rules grants the Court discretion "on the filing of the complaint . . . or at any later time [to] require the plaintiff . . . to give security . . . in such sum as the court shall direct to pay all costs and expenses that shall be awarded against the party." Supplemental Rule E(2)(b); see also Result Shipping Co., Ltd. v. Ferruzzi Trading USA Inc., 56 F.3d 394, 401 (2d Cir. 1995).

Under Rule E(7)(a) of the Supplemental Rules, "[w]hen a person who has given security for damages in the original action asserts a counterclaim that arises from the transaction or occurrence that is the subject of the original action, a plaintiff . . . must give security for damages demanded in the counterclaim." Supplemental Rule E(7)(a); see also Result Shipping, 56 F.3d at 399–400.

**III.    Analysis**

**(1) Rule E(2)(b)**

Defendant argues that "Rule E(2)(b) offers . . . [a] remedy to achieve an equitable balance in cases where, as here, the [D]efendant's counterclaim consists of 'costs,' which includes attorney's fees, as that term is used in . . . Hong Kong." (Def.'s Mem. at 14–15.) Plaintiff

2

counters that the United States Court of Appeals for the Second Circuit in Result Shipping "denied a similar request for security for attorneys' fees." (Opp'n at 9.)

Defendant is not entitled to security for costs, including attorneys' fees, under Supplemental Rule E(2)(b) in this case. Result Shipping, 56 F.3d at 401–02. Under "the well-established 'American Rule' applicable in the federal courts . . . the prevailing party may not recover attorney's fees from the loser, absent statutory or contractual provisions to the contrary." Id. Although foreign "rules of practice with respect to attorney's fees . . . [may require] an attaching plaintiff to post an undertaking to pay the defendant all costs and damages . . . if it is ultimately determined that the plaintiff was 'not entitled to' the [maritime] attachment," such rules "are not applicable in federal court." Id. at 401 n.4.

**(2) Rule E(7)(a)**

Defendant also argues that its claim for costs, including attorneys' fees, constitutes a counterclaim under Rule E(7)(a) because it "is based on the same contract and events giving rise to the alleged breach . . . as Plaintiff's claim" and Defendant's costs are "inextricably linked with the original transaction that is the subject of the [Hong Kong proceeding]." (Def.'s Mem. at 11–12.) Plaintiff counters that Defendant's "alleged defense costs" do not constitute "a proper counterclaim in the underlying proceeding." (Opp'n at 4.)

Since Defendant asserts "no counterclaim . . . but only a request for costs and attorneys' fees," Defendant cannot avail itself of Rule E(7)(a). Seaplus Line Co. Ltd. v. Bulkhandling Handymax AS, 409 F. Supp. 2d 316, 324 n.3 (S.D.N.Y. 2005); see also Pancoast Trading S.A. v. Eurograni S.R.L., No. 07 Civ. 8581, 2008 WL 190376, at *1 (S.D.N.Y. Jan. 22, 2008). "[T]he expense of . . . defending against the original complaint [is] a purpose that is beyond the scope of

3

Rule E(7)(a)." Aifos Trade SA v. Midgulf Int'l Ltd., No. 06 Civ. 203 (S.D.N.Y. May 1, 2006) (citation omitted).

## IV. Conclusion and Order

For the reasons stated above, the Court denies Defendant's Motion [#14].

Dated: New York, New York
April 2, 2008

*RMB*
_____
RICHARD M. BERMAN, U.S.D.J.